# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR31

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **CARLOS JOSE JONES.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, on July 5, 2005, pursuant to a letter forwarded by the defendant to the District Court dated June 19, 2005 and filed on June 27, 2005. In the letter sent by the defendant, the defendant requested the appointment of substitute court appointed counsel. At the call of this matter on for hearing the defendant was present with his attorney, Brian Oglesby and the Government was present through Assistant United States Attorney, Jill Westmoreland Rose. From the statements of the defendant and the statements of his counsel and the records in this cause, the undersigned makes the following findings.

**Findings**. The undersigned discussed with the defendant the content of the defendant's letter to the court dated June 19, 2005. In the letter the defendant expressed the following concerns and contentions:

1. That the defendant's counsel has not filed a motion for pretrial release as had been requested by the defendant;

2. That defendant's counsel had not visited with the defendant nor discussed the charges against the defendant with the defendant;

3. That the defendant had not seen the discovery that was to be delivered to his attorney;

4. That the defendant's counsel was trying to "trick or persuade" the defendant into signing a plea agreement;

5. That the defendant had been told that unless the defendant signed a plea agreement the defendant would not be released on terms of pretrial release.

The undersigned discussed each one of these concerns and contentions with the defendant. Concerning contention (1), the defendant's counsel made a motion in open court on the 5th of July requesting to be heard in regard to the pretrial release of the defendant. The court then heard evidence from the defendant and also from the Government. The Government advised the court that they did not oppose nor have any objection to the oral motion for pretrial release of the defendant. The court examined the pretrial release report prepared by the United States Probation Office. The report recommended the release of the defendant upon the condition that he be released into the custody of a responsible person and further that the release be upon the condition of home detention and other conditions. The defendant and his attorney, upon inquiry by the court, advised that there was not present for the court to question any person who could take the defendant into their custody. The defendant advised that a relative of his had agreed to act as custodian but that this relative was at work and unable to attend the hearing. The undersigned ordered that the hearing regarding the pretrial release of the defendant be continued until the proposed custodian of the defendant could be examined by the court as to the fitness of the custodian to manage the defendant consistent with the other terms and conditions of pretrial release.

In regard to concern and contention No. 2, the defendant advised the court that he had now visited with Mr. Oglesby and had discussed the case. The defendant further advised the undersigned that he and Mr. Oglesby had resolved their differences and that he wished for Mr. Oglesby to continue to represent the defendant in this matter.

In regard to concern and contention No. 3, the defendant advised the court that he had reviewed the discovery that had been produced with his counsel and that he was satisfied with the discovery that had been delivered. In regard to concern and contention No. 4, the undersigned questioned the defendant vigorously in regard to this issue. The court explained to the defendant that he should not feel pressured in any way to enter into a plea agreement and that if the defendant did not wish to enter a plea of guilty that this decision would be without prejudice to the defendant and the defendant could then go forward with a jury trial in regard to the charges against the defendant. The undersigned attempted to impress upon the defendant the importance that his entry into a plea agreement and a later plea of guilty had to be voluntary and without fear or threat of coercion in any manner and that the defendant's decision must be his own free and voluntary decision to enter into the plea agreement and complete the proposed Rule 11 proceeding. After discussion with the defendant, the defendant advised the court that he desired to go forward with the plea agreement and the Rule 11 proceeding and that it was his own free and voluntary decision to do so.

In regard to concern and contention No. 5, the undersigned advised the defendant that the decision as to whether or not to release the defendant on terms of pretrial release was not contingent in any degree nor depended upon whether the defendant signed or executed a plea agreement. The undersigned advised the defendant that it would be a decision of the court based upon the evidence as to whether or not to release the defendant upon terms and conditions of pretrial release and that the decision would be made irrespective and without regard to whether or not the defendant signed or executed a plea agreement or entered a plea of guilty. The undersigned advised the defendant that it was this court that would make the decision as to whether or not the defendant should be released on terms and conditions of pretrial release and that it was not the decision of any other person or party in this matter. The court then inquired as to whether or not the defendant understood

the position of the court and these facts and the defendant advised the court that he understood and that it was still his decision to go forward with the plea agreement and the proposed Rule 11 proceeding.

BASED UPON THE FOREGOING, it is **ORDERED:**

1**.**	That the defendant's request to dismiss his attorney and appoint other counsel is hereby **DENIED.**

2.	That the hearing as to whether or not the defendant should be released on terms and conditions of pretrial release is hereby continued to give the defendant an opportunity to present a proposed custodian who would oversee the activities of the defendant.

3.	The defendant has expressed to the court that it was the defendant's free and voluntary decision to go forward with the plea agreement and the Rule 11 proceeding in this matter and that he was doing so without coercion, threats or promises made to him in any way, other than those contained in the written plea agreement.

**Signed: July 16, 2005**

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge