# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR31-03

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CARLOS JOSE JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on October 21, 2005 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Brian Oglesby, and that the Government was present through Assistant United States Attorney, Donald Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on October 21, 2005. The Government introduced, without objection, the violation report into evidence.

The defendant was charged, in a Bill of Indictment filed April 4, 2005, with conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. A hearing was held in regard to the detention of the defendant on July 14, 2005. On that date, the undersigned entered an

order releasing the defendant on a $50,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

> (2) The defendant shall immediately advise the court, the defense counsel and the U.S. attorney in writing before any change in address and telephone number.
>
> (7)(q) The defendant was to participate in a home confinement program component which included electronic monitoring which restricted the defendant to his residence at all times, except for employment, education, religious services and other circumstances as set forth in the order; and
>
> (7)(p) That the defendant was to refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any electronic monitoring which was going to be required as a condition of release.

On September 16, 2005, September 17, 2005 and September 18, 2005 the defendant committed leave violations in that he was away from his home and outside of the area where he was required to be, pursuant to electronic monitoring. On October 16, 2005 the defendant removed his electronic monitor transmitter and left his residence without permission and the defendant's whereabouts were then unknown for a period of time.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will

      not flee or pose a danger to the safety of any other person or the community; or
        (B) the person is unlikely to abide by any condition or combination
of conditions of release.

      If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

      Based upon the evidence, the undersigned finds that it has been shown by clear and convincing evidence that the defendant violated terms and conditions of his pretrial release in that he committed leave violations and, more importantly, the defendant removed the electronic monitoring transmitter and left his residence and then his whereabouts were unknown thus violating the terms and conditions as are set forth above.

      Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), the undersigned finds there is no condition or combination of conditions that would assure that the defendant will not flee and further, in the alternative, the undersigned further finds that the defendant is a person who is unlikely to abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

      IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

**Signed: November 29, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge